UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
STUART M. EBANKS,

                Plaintiff,

                              03 CV 10036 (KMW)(DFE)

    -against-

                                    ORDER

TERESITA TORRES, DET. MARK DAVIS,
DET. SPERANZA, DET. AUSTIN SKY,
DET. RICHARD RAMOS, DET. JOHN DOE 1,
2, & 5, JOHN DOE # 3 & 4, ASSISTANT
DISTRICT ATTORNEY OF THE BRONX,
ROBERT DIAZ, and THE CITY OF NEW YORK,

                Defendants.
----------------------------------------x

WOOD, U.S.D.J.:

    Pro Se Plaintiff Stuart M. Ebanks alleges that various New York City Police Officers and representatives of the Bronx County District Attorney's Office have violated and continue to violate his constitutional rights. Pursuant to 42 U.S.C. § 1983, Ebanks seeks injunctive and monetary relief. The majority of Ebanks' claims were dismissed (without prejudice) in a thorough and detailed order by Judge Mukasey. Order of Partial Dismissal, September 23, 2004. Plaintiff has not re-filed any of these claims. See Docket Sheet.

    Only one claim was not dismissed: that New York City Police Detective Richard Ramos "opened [a parcel containing plaintiff's] personal [p]roperty. . . and removed the contents. . . which had crucial evidence pertaining to [plaintiff's defense in his

1

criminal] case, without voucher or rec[ei]pt," thus violating Ebanks' constitutional rights.  Amended Complaint at 7; Order of Partial Dismissal, September 23, 2004 at 13-14.   That Claim was reassigned to this judge, and referred for pre-trial purposes to Magistrate Judge Douglas F. Eaton.  In a Report and Recommendation dated April 1, 2005 (the "Report"), familiarity with which is assumed, Judge Eaton, sua sponte, recommended that the Court dismiss this case pursuant to the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971). Plaintiff timely objected to the Report.

The Report does not limit its discussion to the remaining claim, but instead treats the complaint generally as one which cannot proceed under Younger.  The Court believes it is necessary to emphasize here, in its consideration of the Report, that the only claim not dismissed by Judge Mukasey's order is that against Detective Ramos.[1]  It is hard to glean from the face of Ebank's

---

[1]Detective Ramos was served on February 22, 2005.  See Docket Sheet, Document 14.  In the interim of time since the September 2004 order, both this Court and Judge Eaton have extended Ebanks' time to serve the other defendants.  These extensions were granted in error--Ebanks has no claims against those defendants at this time, because his claims against them were dismissed by Judge Mukasey.  Ebanks, of course, remains free (as indicated in Judge Mukasey's September 2004 order) to refile these claims if he can allege facts sufficient to overcome the reasons for

2

complaint what damages are sought in connection with the remaining claim. However, reading the complaint generously, the Court assumes that the requests for relief relevant to Ebanks' remaining claim are the requests (1) for injunctive relief ordering (inter alia) that defendant "stay away" from plaintiff and not question or arrest him, (2) for the Court to investigate the criminal case and investigation pending in the state court, and (3) for monetary damages of $500,000 against the remaining individual defendant (the request for $40,000,000 appears to pertain only to the state, against which the relevant claims were dismissed). Am. Comp. at 10-11.

For the reasons explained below, the Court agrees with the Report's conclusion that it must abstain from hearing this case pursuant to the Younger doctrine. However, the Court disagrees with the Report that the case should thus be dismissed, and for the reasons explained below, the Court concludes that a stay is appropriate at this time.

I. The Report's Findings of Fact

The Court reviews de novo any portion of the Report to which a specific objection has been made. See Fed. R. Civ. P. 72(b).

---

dismissal outlined in that order. The last extension granted has expired, see Docket Sheet; Order of Judge Wood, June 2, 2005.

Plaintiff objects to a portion of the Report's findings of fact--specifically, the Report's description of the allegations in the state criminal indictment. Pl.'s Mem. to Judges. D. F. Eaton and K. M. Wood 4/30/2005 ¶¶ 2-3. The Court has reviewed the Bronx County criminal indictment[2] and agrees with the Report's finding that the indictment alleges that Plaintiff caused physical harm to Torres on October 20, 2002; the Court also agrees with the Report that the indictment alleges that Plaintiff "created a grave risk of death to another person by dragging Teresita Torres alongside a moving car." Indictment of Stuart Ebanks of Nov. 26, 2002 at 2-3. The Report does not discuss in detail Ebanks's rebuttal to the charges in the indictment. However, contrary to Ebank's contentions, this omission does not in any way render the Report factually inaccurate in its description of the charge itself. The Court therefore adopts the Report's statement of facts in its entirety. See Report ¶¶ 1-2.

## II. Younger Abstention

Plaintiff's other objection to the Report is that his case does not fall within the Younger abstention doctrine and

---

[2] At Magistrate Judge Eaton's request, the Bronx County District Attorney's office faxed the indictment to the Court; Plaintiff included many supporting documents with his Complaint and subsequent memoranda, but never provided the indictment itself.

4

therefore should not be dismissed.  The Court therefore reviews, de novo, the recommendation that the Court dismiss this case pursuant to the Younger abstention doctrine.

The Younger abstention doctrine requires the Court to refrain from exercising its jurisdiction when the exercise of jurisdiction would interfere with an ongoing state court proceeding.  Diamond "D" Construction Corp. V. McGowan, 282 F.3d 191, 198 (2d Cir. 2002); see Younger v. Harris, 401 U.S. 37, 46-49 (1971)(holding that federal courts must abstain from interfering with ongoing state proceedings in order to respect the principles of comity and federalism between courts of different jurisdictions).  Were the Court to assume jurisdiction over Ebanks' claim that his constitutional rights were violated by the state officer's seizure of allegedly exculpatory material, the Court would doubtless be interfering in the state prosecution (which, apparently, is still ongoing).  Whether exculpatory material exists and was improperly seized by Detective Ramos is a question that should be decided in the first instance in the context of the criminal prosecution against Ebanks.  The Court therefore adopts the Report's conclusion that this case fits squarely within the Younger doctrine.  (Report ¶¶ 4-5.).

In his objections to the Report, Ebanks does not argue, nor does it appear he could argue, that his case falls into either of

the exemptions from Younger abstention.  Memorandum to Judges D.F. Eaton and K. M. Wood, April 30, 2005.  See Perez v. Ledesman, 401 U.S. 82, 85 (1970)(describing bad faith prosecution exemption as "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction"); Diamond "D" Construction Corp., 282 F.3d at 201 (describing extraordinary circumstances exemption when the litigant will suffer "great and immediate" harm if the federal court abstains).

The Court, having reviewed Plaintiff's objections to the Report de novo, adopts the Report's conclusion that this case falls within the Younger abstention doctrine and does not fall within the two exceptions to the Younger abstention doctrine. (See Report ¶¶ 8-13.)

III.  Proper Remedy

The Court is persuaded that Younger abstention is appropriate as to both the monetary and the equitable claims, because they both arise out of the same issue, discussed above, which should be resolved in the first instance in state court. The Court reviews, de novo, the Report's recommendation that this case be dismissed, and concludes that such a remedy is inappropriate at this time.

As a general matter, the Second Circuit has cautioned against sua sponte dismissals. Perez v. Ortiz, 849 F.2d 793, 797 (2d Cir. 1988). However, "sua sponte dismissals may be appropriate in some circumstances. . . particularly in cases involving frivolous in forma pauperis complaints. . .or frivolous habeas petitions. . . the general rule is that a district court has no authority to dismiss a complaint for failure to state a claim upon which relief can be granted without giving the plaintiff an opportunity to be heard." Id. (internal citations and quotation marks omitted).

Here, Ebanks was notified repeatedly that the Court was considering dismissal of his action pursuant to Younger. See Memorandum and Order of Judge Eaton, March 11, 2005; Memorandum and Order of Judge Eaton, February 24, 2005. Nevertheless, dismissal is a drastic remedy. For the reasons below, the Court is persuaded that a stay is a preferable remedy.

As a general matter, when a 1983 action seeks monetary damages that are not available in a parallel state proceeding, the 1983 action should not be dismissed. In Deakins v. Monaghan, 484 U.S. 193 (1988), the Supreme Court directed that even if Younger abstention is required in a given case, "the District Court has no discretion to dismiss rather than to stay claims for

7

monetary relief that cannot be redressed in the state proceeding." Id. at 202.

The rationale for a stay rather than dismissal is that such a remedy allows the state case to proceed "without interference from its federal sibling, while enforcing the duty of federal courts 'to assume jurisdiction where jurisdiction properly exists'". Id. at 202-03. See also Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir.2000) (dismissing a claim for money damages under Younger principles was inappropriate where the ongoing state proceeding involved a civil action because"[w]hen money damages, as opposed to equitable relief, are sought, it is less likely that unacceptable interference with the ongoing state proceeding, the evil against which Younger seeks to guard, would result from the federal court's exercise of jurisdiction"); Giulini v. Blessing, 654 F.2d 189, 193 (2d Cir. 1981), (observing that federal court is free to stay proceedings pending resolution by state court, but dismissal under Younger principles is inappropriate for claims seeking monetary damages, even when the issues raised are identical to those in the pending state proceeding).

Therefore, the Court stays, rather than dismisses, Ebanks' claim for monetary damages.

IV.  Other Considerations: Heck v. Humphrey

The Court is concerned that the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994) may become relevant to Ebanks' action.  The Court does not wish to speculate as to the result of Ebanks' criminal prosecution, but the Court wants to give advance notice to Ebanks, a pro se plaintiff, as to a possible future issue in this litigation.  If Ebanks' criminal prosecution results in his being convicted, this action will likely be affected by Heck.

"Heck bars Section 1983 damages actions in which a judgment in the plaintiff's favor would necessarily imply the invalidity of a conviction or sentence where such conviction or sentence has not yet been invalidated, reversed on direct appeal, or called into question by the issuance of a writ of habeas corpus." Huang v. Johnson, 252 F.3d 65, 67 (2d Cir. 2001).  The Second Circuit has held that claims of withheld exculpatory material fall within the confines of Heck.  Amaker v. Weiner, 179 F.3d 38, 51 (2d Cir. 1999) (claim that prosecution had withheld exculpatory evidence from defendant necessarily falls within Heck); cf. Simpson v. Rowan, 73 F.3d 134, 136 (7th Cir. 1996) (concluding that claim of illegal search and seizure did not fall within Heck because determination that search and seizure was illegal does not necessarily result in vacatur of conviction); Heck, 512 U.S. at

9

487 n.7 (posing hypothetical answered by Simpson). Because Ebanks alleges that Detective Ramos seized exculpatory material, his claim falls squarely within the rule annunciated in Amaker, and thus will be subject to dismissal under Heck if Ebanks is convicted.[3]

---

[3] A § 1983 action that is infirm under Heck is usually dismissed without prejudice, which permits the plaintiff to re-file if his conviction becomes invalid. See Amaker, 179 F.3d at 52. By contrast, a § 1983 action that seeks damages for an ongoing criminal prosecution is stayed under Younger until that prosecution is resolved. However, if that prosecution is successful, as outlined above, Heck would then generally warrant dismissal.

Indeed, if a § 1983 plaintiff is convicted in state court, in order to persuade the Court that his case should not be dismissed under Heck, he will have to argue that the constitutional violation he alleges had no effect on his conviction--that it was harmless. This contention, of course, would prejudice any appeals or collateral attacks he would have. Because the question of whether a constitutional error has occurred should be a question first for the state appeals court, Younger abstention, thus, would likely continue to apply, possibly alongside Heck. See Simpson, 73 F.3d at 138.

This Circuit has not discussed the appropriate interaction between Heck and Younger. The Court is of the view that actions challenging state prosecutions, like those challenging state convictions, should probably be dismissed when the constitutional violation at issue falls under the rubric of Heck (unless of course the ongoing state prosecution falls within one of the

exceptions to Younger abstention). Under Heck, a favorable resolution to the criminal defendant is a necessary predicate in order for him to proceed as a § 1983 plaintiff. For the § 1983 plaintiff with an ongoing criminal matter, resolution of that matter is required under Younger before the court can proceed. The only reason that the latter should get a stay (and then possibly be dismissed) when the former gets dismissed rather than stayed is that the § 1983 plaintiff with a pending criminal action is presumed innocent, while the Heck plaintiff has been convicted. As important as the presumption of innocence is, federal courts trust the state courts to determine these issues in the first instance. Barring the sort of misconduct that would require a federal court to step in (that is, a case in which Younger abstention would not apply), there is only very minimal prejudice to a plaintiff in telling him he should not file his federal claim until his state court proceeding is resolved.

The interaction between Younger and Hecks also creates a statute of limitations problem. The Second Circuit has held that the statute of limitations in actions subject to dismissal under Heck does not begin to run until the plaintiff's criminal conviction is invalidated. Amaker v. Weiner, 179 F.3d at 52. However, in an action like this one, in which the plaintiff may be acquitted or convicted in his criminal action, the law is unsettled--the statute of limitations may begin to run at the time of the constitutional violation if the plaintiff is acquitted in his criminal action.

A uniform rule would be preferable: for all § 1983 actions alleging constitutional violations in connection with criminal prosecutions or convictions, the statute of limitations for the federal civil proceeding should not run until favorable

11

The Court stays this action, pursuant to the Supreme Court's general directive in Deakins. When Ebanks' trial in state court ends, the parties must notify the Court within 90 days regarding how the case was resolved. At that time, if Ebanks has prevailed, his action for damages will proceed. However, if he is convicted, this action will be dismissed under Heck, unless Ebanks persuades this Court in his submission at that time that such a disposition is not appropriate.

Finally, the Court acknowledges Ebanks' submission of July 1, 2005, in which he requests injunctive relief against his place of confinement for alleged mis-treatment. This mistreatment is separate from that charged in the Amended Complaint and is not properly before the Court; the Court thus denies the requested injunctive relief, without prejudice to Ebanks filing a claim

---

resolution of the state criminal action. As it is now, a § 1983 plaintiff must guess whether or not he will be successful in his criminal action, and if he will be (as presumably any plaintiff believes he should be) he needs to file before resolution of that action in order to assure his falling within the statute of limitations. This rush to file will result in numerous actions sitting on court dockets, stayed under Younger, only to be later dismissed under Heck. This would appear to be a pointless waste of resources.

against his place of incarceration or those responsible for his alleged mistreatment there. However, Ebanks is advised that such claims generally must first be pursued through state procedures. See Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a); Ortiz v. McBride, 380 F.3d 649, 653-54 (2d Cir. 2004).

For the reasons stated above, the case is hereby stayed. The Clerk of Court is directed to place the case on the suspense calendar.

SO ORDERED.

Dated: New York, New York

October 26, 2005

*Kimba M. Wood*

Kimba M. Wood

United States District Judge